IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**MICHAEL PUCKETT**,

    Plaintiff,

    v.

**DOLLAR GENERAL CORPORATION,**

    Defendant.

No. _____

**JURY DEMANDED**

## ORIGINAL COMPLAINT

Michael Puckett ("Plaintiff") brings this Fair Labor Standards Act ("FLSA") action against Dollar General Corporation ("Defendant") and states as follows:

### I.    INTRODUCTION

1. This lawsuit is brought against Defendant under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff.

2. Defendant violated the FLSA by failing to pay Plaintiff for all hours worked over forty (40) per week within weekly pay periods at one and one-half times his regular hourly rate of pay.

### II.    PARTIES

3. Defendant, Dollar General Corporation., is a Tennessee corporation with its headquarters located at 100 Mission Rdg, Goodlettsville, TN 37072 . Defendant's registered agent for service of process is Corporation Service Company, 2908 Poston Ave, Nashville,

1

Tennessee 37203.

4. Plaintiff, Michael Puckett, had been employed by Defendant as an hourly paid employee during all times material to this action.

### III. JURISDICTION AND VENUE

5. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and (c) because Plaintiff was employed by and worked for Defendant within this district and Defendant has conducted business within this district during all material to this action.

### IV. COVERAGE

7. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of 29 U.S.C. § 203(d).

8. Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) during all times material to this multi-plaintiff action.

9. During all times material, Defendant engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross revenue of not less than $500,000 during all times material to this action.

10. At all times material to this action, Defendant has been the "employer" of Plaintiff as that term is defined by §203(d) of the FLSA.

11. Plaintiff has been an "employee" of Defendant as that term is defined in the FLSA, and has engaged in commerce or in the production of goods for commerce on behalf of Defendant, as defined by 29 U.S.C. §§ 206– 207, during all times material to this action.

## V. FACTUAL ALLEGATIONS

12. Defendant is a convenience store with over 19,000 store locations in 47 different states.

13. Plaintiff was employed by Defendant as an hourly paid employee during all times material to this action.

14. At all times material to this action, Defendant has had a timekeeping system for the purpose of recording the hours worked by Plaintiff.

15. Plaintiff worked 40 hours or more per week within weekly pay periods during all times material to this action.

16. Defendant has had a practice of failing to pay Plaintiff for all his overtime hours worked either by a failure to record such overtime hours into its timekeeping system or editing out such overtime hours from its timekeeping system.

    a) One example of such practice was that the Plaintiff's manager was moving the time Plaintiff had worked on to his own time.

17. Plaintiff worked more than 40 hours per week within weekly pay periods during all times material without being paid for all such overtime hours at the applicable FLSA overtime compensation rates of pay.

18. Defendant has been aware it was not compensating Plaintiff for all his overtime hours at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material.

19. Defendant's practice of not compensating Plaintiff for all his compensable overtime hours

at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

20. Defendant's failure to compensate Plaintiff for his unpaid overtime hours was willful with reckless disregard to the FLSA overtime compensation requirements and, without a good faith basis.

21. As a result of Defendant's lack of a good faith basis and willful failure to pay Plaintiff in compliance with the requirements of the FLSA, he has suffered lost wages in terms of lost overtime compensation as well as other damages.

22. The net effect of Defendant's practice of failing to pay Plaintiff one-and-one-half times his regular hourly rates of pay for all hours worked over 40 within weekly pay periods during all times material to this action was to unjustly enrich itself and enjoy ill-gained profits at the expense of Plaintiff.

## COUNT I
### (Violation of the Fair Labor Standards Act)

23. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

24. At all times material, Plaintiff has been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

25. Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff also has engaged in interstate commerce on behalf of Defendant during all times material to this action.

26. At all times material, Defendant has been an "employer" of Plaintiff as such term is defined by the FLSA.

27. Plaintiff was an "employee" of Defendant within the meaning of the FLSA's overtime wage requirements during all times material.

4

28. Defendant's practice of failing to pay Plaintiff for all his overtime hours within weekly pay periods at the applicable FLSA overtime compensation rates of pay during all times material violated the overtime provisions of the FLSA – as previously described.

29. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

30. Through its actions and practices, Defendant has violated the FLSA by regularly and repeatedly failing to compensate Plaintiff for all hours worked in excess of forty (40) per week at one and-one half times his regular hourly rates of pay within weekly pay periods during all times material to this action.

31. Defendant's actions were willful with reckless disregard to clearly established FLSA provisions.

32. Defendant does not have a good faith basis for its conduct.

33. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff has suffered loss of income and other damages.

34. Therefore, Defendant is liable to Plaintiff for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the Court to enter judgment in his favor on this Complaint and:

a) Award Plaintiff FLSA statutory damages against Defendant;

b) Award Plaintiff all unpaid overtime compensation against Defendant;

c) Award Plaintiff liquidated damages in accordance with the FLSA against Defendant;

d) Award Plaintiff prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiff post-judgment interest and court costs as allowed by law;

f) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, apply the three (3) year statute of limitations under the FLSA to this action;

g) Award Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

h) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

i) Provide additional general and equitable relief to which Plaintiff may be entitled; and

j) Provide further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: March 27, 2024.

Respectfully Submitted,

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)

**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jleatherwood@jsyc.com*

***ATTORNEYS FOR PLAINTIFF***